

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Forrester Hancock
Criminal District Attorney
Waxahachie, Texas

Dear Sir:

Opinion No. O-4241
Re: Payment of chiropractor for
treatment of member of football
team of independent school
district.

We have received your letter of November 25, 1941, which reads as follows:

"Might I submit for a written opinion the following question, to-wit:

"Can an independent school board legally pay out of school funds the bill of a chiropractor submitted for the treatment of a member of the football team?

"Under Article 4510, R.C.S. 1925, I observe that the practice of a chiropractor could be regarded as the practice of medicine, which conduct is prohibited by both the civil and criminal statutes of our State, unless certain requirements as set forth in Chapter 6, Title 71, R.C.S. 1925, be in all things complied with.

"Inasmuch as the practice of chiropractic is prohibited, either directly or indirectly, under our laws, we are of the opinion that one so engaged who presents a bill for services rendered does not come into the court with clean hands; and, such being the case, his claim as a matter of law is not legal. We are of the opinion that even equity would not respect or honor said claim for reasons obvious and paramount in equity.

"Therefore, as a matter of law and equity, we are of the opinion that one engaged in a business or practice in violation of the law, either directly or indirectly, has no standing in court, and his claim cannot

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

be perfected in a court of law. Consequently the claim of a chiropractor presented for services rendered cannot legally be paid by an independent school board out of funds belonging to said school district."

It is apparent from your letter of request that you are interested in the effect of the illegal practice of chiropractic on the collection of fees for professional services, and not in the power of an independent school district to contract with a chiropractor to render professional services to one of its students. Therefore, we do not pass on this point.

In the recent case of Ehrke v. State, 115 S. W. (2d) 631, Judge Krueger speaking for the Court of Criminal Appeals made the following statement:

"It is well settled that chiropractors who make adjustments for compensation come within the purview of the Medical Practice Act, Vernon's Ann. P. C. Art. 739 et seq., and must comply with the law on the subject in order to be entitled to practice. (Citing authorities)"

Your letter does not state the facts which would show whether this chiropractor is practicing in violation of the Medical Practice Act or not. However, your letter indicates that he is and we shall assume such to be true for the purposes of this opinion.

In the case of Park v. Coulson, 139 S. W. (2d) 667, plaintiff brought suit on a note given for services of the plaintiff as a chiropractor. The defense was that plaintiff was not a legally licensed physician nor medical doctor as required by the laws of this State and that charges for such service were in violation of law and the note given therefor was illegal and without consideration. In holding that recovery could not be had on the note, the court said the following:

"The record shows conclusively that the note was given for the treatment of a patient by appellee for some supposed disease or disorder, physical deformity or injury or some mental or physical ailment and, under the law of the State, article 739 of Vernon's Texas Statutes, 1936 Civil and Penal Code, Centennial Edition, and articles 740 and 742 of Vernon's Texas Statutes, 1939 Cumulative Supplement, Civil and Penal

Code, the appellee was prohibited by the penal laws
of this State from collecting fees as a chiroprac-
tor and for so doing was subject to prosecution for
violation of our criminal law. The charge for ser-
vices of appellee was therefore unlawful and the
note for the services was illegal and unenforceable."

In the case of Dillon vs. Nicodems, 117 S. W. (2d) 868,
plaintiff and defendant were both chiropractors. Plaintiff had
bought from defendant for $500.00 all of defendant's "furnish-
ings, furniture, materials, tools, machines, now located in 401-
402 Caples Building, El Paso, Texas, together with my good will
to my business." Shortly thereafter defendant opened an office
in the same building, and plaintiff instituted this suit for breach
of contract, alleging that defendant by resuming practice had vio-
lated the good will feature of the contract. In denying plaintiff
the recovery sought, the court held the following:

"There is a further fatal defect in appellant's
case. The 'good will' which he seeks to protect, and
for the violation of which he seeks to recover damages,
arises out of the practice of medicine as defined in
Article 741, Penal Code, 1925, and appellant has not
qualified to practice medicine in compliance with the
mandate of article 739 of the Penal Code, Vernon's Ann.
P. C. art 739, nor does he allege that he intends to do
so, or is able to do so. Therefore, to reap the profits
he seeks, he must transgress the penal statutes. A
court of equity may not aid him to do this, nor may a
court of law compensate him for alleged damages result-
ing from interference with such a course. City of
Odessa v. Halbrook, Tex. Civ. App., 103 S. W. (2d) 223;
City of Wink v. Griffith Amusement Co., Tex. Sup., 100
S. W. (2d) 695."

See also Peterson v. Seagraves, 60 S. W. 751; Kennedy
vs. Schultz, 25 S. W. 667; Maier v. State, 235 S. W. 576; Hicks
v. State, 227 S. W. 302; Hilty v. State, 49 S. W. (2d) 786.

In view of the foregoing you are respectfully advised
that a person practicing chiropractic in violation of the Medical

Honorable Forrester Hancock, Page 4


Practice Act is prohibited from collecting fees for services rendered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
George W. Sparks
Assistant

APPROVED 1943

GWS:ej